**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-250-RJC**

| | |
|---|---|
| **FREDERICK L. CANADY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )     **ORDER** |
| **FNU BUSWELL, Officer;** | ) |
| **FNU HORNE, Sgt., Lanesboro** | ) |
| **State Prison,** | ) |
| | ) |
| **Defendants.** | ) |

     **THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint filed pursuant to 42 U.S.C. § 1983. See 28 U.S.C. § 1915A(a).

**I.     BACKGROUND**

     According to the website of the North Carolina Department of Public Safety, Plaintiff is an inmate housed at Lanesboro Correctional Institution serving an 18-year sentence following his conviction for robbery with a dangerous weapon (principal). In his complaint, Plaintiff contends that his federal rights have been violated because he had a dispute with the defendants over whether or not he had a food tray in his cell. Plaintiff alleges the Defendant Horne accused him of harboring a tray in his cell, while Plaintiff maintains this is not the case. Plaintiff further alleges that Defendant Horne, during his search of Plaintiff's cell, made "gay jokes" that were apparently directed to the Plaintiff. In this lawsuit, Plaintiff appears to allege that Defendant Horne sexually harassed him and the defendants violated his Eighth Amendment rights. In his prayer for relief, Plaintiff believes he is entitled to "proper justice" and monetary damages to compensate him for the mental illness inflicted by defendants' collective behavior.

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "the court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Section 28 provides, in pertinent part, that in conducting this review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). To this end, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). A pro se complaint must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), however, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

Section 1983 provides a remedy where a person acting under color of state law deprives a plaintiff of a right secured by federal law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1 (1980); see also Gonzaga Univ. v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a claim under Section 1983).

## III.  DISCUSSION

Put simply, Plaintiff's allegations fall short of stating a claim in this case. First, the Court can find no case law which would support a federal claim over an accusation of the possession of a food tray. Second, Plaintiff's allegation that he was subjected to "gay jokes" is unsupported by

any further contention and without more the Court cannot conclude that Plaintiff has suffered any identifiable constitutional violation.

## IV.     CONCLUSION

For the reasons discussed herein, the Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is **DISMISSED** with prejudice for failure to state a claim. (Doc. No. 1).

The Clerk of Court is respectfully directed to close this case.

Signed: May 17, 2013

Robert J. Conrad, Jr.
Chief United States District Judge